# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 30, 2025
Lyle W. Cayce
Clerk

No. 24-30252

STATE OF MISSOURI

*Plaintiff,*

*versus*

JOSEPH R. BIDEN, JR.

*Defendant,*

───────────────────────────────

ROBERT F. KENNEDY, JR.; CHILDRENS HEALTH DEFENSE; CONNIE SAMPOGNARO,

*Plaintiffs—Appellees,*

*versus*

JOSEPH R. BIDEN, JR.; KARINE JEAN-PIERRE; VIVEK H. MURTHY; XAVIER BECERRA; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *Et al.*,

*Defendants—Appellants.*

───────────────────────────────

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 3:22-CV-1213, 3:23-CV-381

───────────────────────────────

## ON PETITION FOR REHEARING EN BANC

Before Higginbotham, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Treating the petition for rehearing en banc as a petition for panel rehearing, we GRANT the petition in part and DENY it in part.[1]

In light of the change in administrations and the January 20, 2025 executive order titled "Restoring Freedom of Speech and Ending Federal Censorship,"[2] we VACATE our prior opinion and ORDER a LIMITED REMAND for the district court to consider mootness in the first instance. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) ("Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy.  In the absence of its being raised by a party, this court is obligated to raise the subject of mootness sua sponte." (italics omitted)).  We otherwise deny the petition for panel rehearing and note that our decision to vacate the opinion is not an endorsement of any arguments raised in that petition.

After the district court rules on mootness (obviously, if the district court concludes the case is moot, the preliminary injunction should be withdrawn and the case dismissed according to the district court although we will review it), the clerk of the district court shall promptly supplement the appellate record with copies of the new filings below and the district court's

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] To avoid confusion, the caption on this order still reflects the defendants sued in their official capacity from the previous administration. *But see* Fed. R. App. P. 43(c). Ironically, Plaintiff Robert F. Kennedy Jr. has been nominated to serve as the Secretary of Health and Human Services, a defendant in this case.

[2] The government submitted that executive order to us via 5th Cir. R. 28(j) letter.

opinion on mootness and forward the supplemental record to this court. The district court's ruling in this case will be returned to this panel for further proceedings, and we retain jurisdiction over the entire case as this is a limited remand.